The bill then charged, that by the terms of the devise to William Patton, the maintenance of the Complainant was charged upon the land devised; that the defendants had notice of (69) this charge upon the land before they purchased from William Patton, and that it was expressly understood between them and him, that they were to take upon themselves the burthen of supporting the complainant during her life; and that in consequence of this understanding, the land *Page 57 
was sold to them at a price much below its real value. That at the time of their purchase she was living on the land; that they or one of them placed her in the care of one John Brigham, giving to him one hundred dollars for her use, and taking from him a bond conditioned for the maintenance of complainant; that this fund had been exhausted and Brigham neglected to give her a maintenance; that her guardian, John Patton, had applied to the Defendants to advance money, or provide for her such a maintenance as she was entitled to, and they had refused. The bill prayed that an account might be taken of her maintenance, and the Defendants be decreed to pay such sum as might be found due on such account, and be further decreed to pay for her annual support thereafter such sum as the Court might think reasonable.
Upon the hearing of this case, it seems to have been the object of the counsel, on both sides, to place the decision on the question, "whether the devise to William Patton charged the maintenance of the complainant upon the land;" and an attempt was made to get this question decided upon a motion to dismiss the bill. This motion was referred to this Court, and the bill and a copy of John Patton's will, with the motion to dismiss, formed the case. This Court disallowed the motion, without deciding the question arising under the will, saying that the agreement charged in the bill, between William Patton and the Defendants, raised an Equity in favor of the Complainant.
The motion to dismiss, should not prevail; because the bill states, that upon the sale to defendants, a support for the Complainant was left in their hands, being deducted from the value of the land for that purpose. It is therefore a trust fund raised upon a valuable consideration (70) for the benefit of complainant, who stands not as a mere volunteer, but one having a claim upon the devisee for support. Not that we believe a consideration necessary in the transfer of an Equity, but only necessary to raise an Equity; and when once raised, to be transferred like all other rights, upon legal evidence of the will of the owner to makethe transfer. It is therefore unnecessary to decide the question, whether the devise of the Complainant's maintenance was a charge upon the land.
Cited: Love v. Belk, 36 N.C. 173; Davis v. Hill, 75 N.C. 229;Chasteen v. Martin, 84 N.C. 395; Thurber v. LaRoque, 105 N.C. 306;Dover v. Rhea, 108 N.C. 92. *Page 58